SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–917

| | | |
|---|---|---|
| | | **Opinion Delivered** October 22, 2014 |
| OMAR GRIFFIS | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION |
| V. | | [NO. CR-12-2714] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE HERBERT WRIGHT, JUDGE |
| | | REMANDED TO SUPPLEMENT RECORD; REBRIEFING ORDERED |

## WAYMOND M. BROWN, Judge

A Pulaski County jury found appellant Omar Griffis guilty of first-degree murder and two counts of attempted first-degree murder. He was sentenced, with an enhancement for committing a felony with a firearm, to an aggregate term of 540 months' imprisonment. On appeal, appellant argues that the evidence was insufficient to support his convictions; that the trial court committed reversible error by granting the State's motion in limine to prevent appellant from introducing direct evidence of appellant's alleged accomplice's criminal history; and that the court committed reversible error by granting the State's motion in limine to prevent appellant from introducing circumstantial evidence of third-party liability. We do not reach the merits of appellant's arguments due to deficiencies in the record and brief.

In his second point on appeal, appellant contends that the court granted the State's pretrial motion in limine to exclude the criminal history of Marcus Simmons and entered an order to that effect. However, the State's motion and the subsequent order are not included in the record. This court can sua sponte direct that this omission be corrected by filing a certified, supplemental record.[1] Thus, we remand the case to the circuit court to supplement the record. Appellant has thirty days from the date of this opinion to file a supplemental record.

Arkansas Supreme Court Rule 4-2(a)(8) requires that an appellant's brief include an addendum consisting of all documents essential to this court's resolution of the issues on appeal. Here, there were out-of-court identifications naming appellant as the shooter submitted into evidence; however, those exhibits are not included in the addendum. Appellant needs to include these exhibits in his addendum. Additionally, once the record is supplemented, the above-described motion and order will also need to be included in the addendum.

According to Arkansas Supreme Court Rule 4-2(a)(7), references in the argument "shall be followed by a reference to the page number of the abstract or addendum at which such material may be found." Appellant makes arguments in his brief without providing a reference to the page number at which the material may be found. Therefore, appellant needs to correct this omission.

---

[1] Ark. R. App. P.–Civ. 6(e) (as made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a)); *see Moss v. State*, 2010 Ark. App. 721.

Due to the deficiencies in appellant's brief and addendum, we order him to file a substituted brief that complies with our rules.[2] The substituted brief, abstract, and addendum shall be due fifteen days after the record is supplemented.[3] We remind counsel that the examples we have noted are not to be taken as an exhaustive list of deficiencies. Counsel should carefully review the rules to ensure that no other deficiencies exist.

Remanded to supplement record; rebriefing ordered.

WHITEAKER and HIXSON, JJ., agree.

*Danny R. Williams*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

---

[2] Ark. Sup. Ct. R. 4–2(b)(3).

[3] *Id.*